**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RUBBERBANDGAMES LTD., | |
| Plaintiff, | Case No. 26-cv-2797 |
| v. | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | |
| Defendants. | |

## COMPLAINT

Plaintiff, RubberBandGames Ltd. ("Plaintiff"), by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, for its Complaint against the Partnerships and Unincorporated Associations identified on Schedule A (collectively referred to as "Defendants") states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### Nature of the Case

1.     Plaintiff uses and is the owner of the federally registered copyrights: U.S. Registration Nos. PA 2-557-708. A true and correct copy of the registration certificate for the above copyright is attached as **Exhibit A**. (the "Wobbly Life Copyright").

2.     This action has been filed to stop and prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from, Plaintiff's copyrighted subject matter, through unauthorized and infringing products (the "Unauthorized/Infringing Work").

3.     This action has been filed to combat the online copyright infringement of Defendants, who trade upon Plaintiff's valuable intellectual property including and Wobbly Life Copyright and to stop and prevent Defendants' selling of unauthorized products that use, are based

on, and/or are derived from, the Wobbly Life Copyright through the use, manufacture, offer to sell, and sale of unauthorized and infringing products (the "Unauthorized/Infringing Work").

4.      Defendants use and operate fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases").

5.      Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized/Infringing Work to unknowing consumers.

6.      E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and that Defendants' counterfeiting operation such that Defendants infringement arise out of the same transaction, occurrence, or series of transactions or occurrences.

7.      Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operations.

8.      Defendants further utilize images from Plaintiff's website in conjunction with the sale of products with the same or similar appearance as those sold by Plaintiffs, further causing confusion among customers.

9.      Plaintiff is forced to file this action to combat Defendants' infringement counterfeiting of its Wobbly Life Copyright, as well as to protect unknowing consumers from purchasing Unauthorized/Infringing Work over the Internet.

---

[1] The e-commerce store URLs are listed on Schedule A under the Online Marketplaces.

10.    Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, loss of control over the creative content and tarnishment of its valuable copyrights, as a result of Defendants' actions and seeks injunctive and monetary relief.

## The Parties

11.    RubberBandGames Ltd. is an independent game studio based in Kent, England.

12.    Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

13.    On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar sources in those locations.

14.    Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

15.    On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A, attached hereto.

16.    Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network.

## Jurisdiction

17.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, et seq and 28 U.S.C. § 1338.

18.    This Court has personal jurisdiction over Defendants because Defendants transacted business relative to the claims made within the State of Illinois and within this District

and because Defendant purposefully availed itself of the benefits and privileges of conducting business activities within the State of Illinois and within this District.

19.     More particularly, Defendants utilize online retail accounts to promote and offer to sell the Unauthorized/Infringing Work in Illinois and to Illinois residents, and provide for the shipment of the Unauthorized/Infringing Work to customers in Illinois.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

21.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are foreign defendants and are subject to this Court's personal jurisdiction as alleged above.

## Factual Background

### *Plaintiff's Products Branded Under the Wobbly Life Copyright*

22.     Plaintiff is an independent video game development studio based in Whitstable, Kent, England, founded by Thomas Dunn.

23.     The company is best known for developing the physics-based open-world sandbox game Wobbly Life, in which players explore "Wobbly Island," complete various jobs, earn in-game money, purchase vehicles and houses, and interact with the environment using exaggerated ragdoll physics. An image from the game is featured below.



4

24.     Since then, Plaintiff has marketed, advertised, sold, and offered for sale various goods under the Wobbly Life Copyright.

25.     Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Wobbly Life Copyright to the public.

26.     Plaintiff markets and sells a variety of products that feature the Wobbly Life Copyright.

27.     Whether Plaintiff manufacturers the products itself or contracts with others to do so, Plaintiff has ensured that products bearing the Wobbly Life Copyright is reproduced to the highest quality standards.

28.     Based on the Wobbly Life Copyright having been in continuous and substantially exclusive use, as well as being the subject of the expenditure of substantial resources in promoting and advertising, there is substantial and valuable goodwill associated with the Wobbly Life products, and Plaintiff's customer services respecting its products.

29.     Through its marketing, diligence, services and commitment to excellence, Plaintiff has established a celebrated and high-distinguished brand.

30.     The Wobbly Life Copyright is an extremely valuable asset of Plaintiff.

31.     Plaintiff maintains authorized sellers of products that utilize the Wobbly Life Copyright for the United States. By only permitting authorized sellers to use and sell products featuring the Wobbly Life Copyright in the United States, Plaintiff is able to maintain controls over the seller's quality commitments, customer service requirements, and product handling. These restrictions are important and valuable to Plaintiff to ensure that customers of Wobbly Life products not only receive genuine Wobbly Life goods, but also enjoy the appropriate high level of

service and customer care that is represented by the Wobbly Life brand and its goodwill. It also ensures that Plaintiff is able to provide sufficient inventory to its authorized sellers so that the sellers are able to fulfill orders for the product, and not cancel orders.

32.     Plaintiff has made substantial effort in protecting its interests in the Wobbly Life Copyright. Only Plaintiff and Plaintiff's licensees and/or individuals or businesses it expressly authorizes are entitled to manufacture, import, export, advertise, offer for sale, derive from, or sell any goods utilizing or featuring the Wobbly Life Copyright.

33.     Plaintiff has not licensed or authorized any Defendant to manufacture, import, export, advertise, offer for sale, derive from, or sell any goods utilizing or featuring the Wobbly Life Copyright.

### Defendants' Wrongful Acts

34.     The success of the Wobbly Life brand has resulted in its significant counterfeiting and infringement.

35.     Plaintiff actively works with a brand protection program to investigate suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers.

36.     Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Unauthorized/Infringing Work to consumers in this Judicial District and throughout the United States. E-commerce sales, including through e-commerce stores like those of Defendants, have resulted in an increase in the shipment and importation of unauthorized products into the United States.

37.     Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to

routinely use false or inaccurate names and addresses when registering with these e-commerce platforms.

38.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Unauthorized/Infringing Work to residents of Illinois.

39.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include misleading images that make it very difficult for consumers to distinguish such stores from an authorized retailer.

40.     Plaintiff has not licensed or authorized Defendants to use of the Wobbly Life Copyright and none of the Defendants are authorized retailers of genuine Wobbly Life products.

41.     More specifically, Defendants are not authorized sellers of Wobbly Life branded products in the Unites States. Defendants operate outside of Plaintiff's authorized seller network and are not subject to the same levels of control and requirements as Plaintiff's authorized sellers. Because of that, Plaintiff is not able to demand the same level of customer care and product handling that it can of its authorized sellers. As a consequence, customers purchasing from Defendants can have negative purchasing experiences which damages Plaintiff, its Wobbly Life brand, and its goodwill.

42. Defendants know that they are not authorized dealers of Wobbly Life products, and through the use of the Wobbly Life Copyright, Defendants intend to induce customers to purchase from them, rather than from authorized dealers thereby damaging Plaintiff including by damaging Plaintiff's ability to maintain its authorized dealer network and the quality controls associated with it.

43. Many Defendants also deceive unknowing consumers by using the Wobbly Life Copyright without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Wobbly Life products.

44. Many Defendants further package their products in packaging that appears identical or nearly identical to the product packaging used to sell genuine products under the Wobbly Life Copyright. The false packaging is further efforts to confuse customers that believe they have purchased genuine products and is intended by Defendants to try and pass off the infringing products while evading detection.

45. Defendants routinely sell their infringing products at price points that are well below the value of genuine Wobbly Life products. The reduced prices, packaging and product images, and use of the Wobbly Life Copyright is used by Defendants to trick customers into purchasing an infringing and inferior product and lead customers to undervalue the genuine goods, leading to customer generate and harbor negative impressions of Plaintiff and damage Plaintiff's good will.

46. Plaintiff extensively researches the market and identifies those entities, such as Defendants, that are not approved vendors of genuine Wobbly Life products.

47. Defendants are not approved vendors.

48. Defendants' sales of products at below-value prices further establish Defendants' products are infringing and counterfeit.

49. Other e-commerce stores operating under Seller Aliases omit using the Wobbly Life brand in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Wobbly Life products.

50. E-commerce store operators, like Defendants, commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

51. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized/Infringing Work. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators, like Defendants, to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

52. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics,similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use ofthe same text and images. Additionally, Unauthorized/Infringing Work for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the

Unauthorized/Infringing Work were manufactured by and come from a common source and that Defendants are interrelated.

53.    On information and belief E-commerce store operators like Defendants are in regular communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

54.    Counterfeiters, such as Defendants, typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators, like Defendants, maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, it has been reported that financial transaction logs from previous cases involving claims similar to the present claims indicate that off-shore counterfeiters regularly movefunds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

55.    On information and belief, Defendants are working in active concert to knowingly and willfully manufacture,import, distribute, offer for sale, and sell Unauthorized/Infringing Work in the same transaction, occurrence, or series of transactions or occurrences.

56.    Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully used and continue to use the Wobbly Life Copyright in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized/Infringing Work into the United States and Illinois over the Internet.

57.    Defendants' unauthorized use of the Wobbly Life Copyright in connection with the advertising, distribution, offering for sale, and sale of Unauthorized/Infringing Work, including

the sale of Unauthorized/Infringing Work into the United States, including Illinois, is likely to cause and has caused harm, loss of goodwill, confusion, mistake, and deception by and among consumers.

58.     Defendants' wrongful acts and/or willful infringements have caused and will continue to cause irreparable harm to Plaintiff unless permanently enjoined, for which Plaintiff has no adequate remedy at law.

59.     Defendants are profiting and will continue to profit from their unlawful actions.

60.     Defendants' unlawful actions are causing and will continue to cause Plaintiff monetary damages in an amount presently unknown, but to be determined at trial.

**COUNT I**
**COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 and 501)**

61.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

62.     Plaintiff's Wobbly Life Copyright constitutes and original work and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, et seq.

63.     Plaintiff is the owner of the Wobbly Life Copyright. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for Plaintiff's Wobbly Life Copyright. Plaintiff's Wobbly Life Copyright is protected by the registration attached hereto as Exhibit A, which was duly issued to Plaintiff by the United States Copyright Office. At all relevant times, Plaintiff has been, and still is, the owner of all rights, title, and interest in Plaintiff's Wobbly Life Copyright, which have never been assigned, licensed, or otherwise transferred to any Defendant.

64.     Plaintiff's Wobbly Life Copyright, or products embodying them, are published and sold on the Internet and available to Defendants online. As such, Defendants had access to Plaintiff's Wobbly Life Copyright via the Internet.

65. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivative works incorporating Plaintiff's Wobbly Life Copyright on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized/Infringing Work. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of Plaintiff's Wobbly Life Copyright. Such conduct infringes and continues to infringe Plaintiff's Wobbly Life Copyright in violation of at least 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

66. Defendants reap the benefits of the unauthorized copying and distribution of Plaintiff's Wobbly Life Copyright in the form of revenue and other profits that are driven by the sale of Unauthorized/Infringing Work.

67. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Unauthorized/Infringing Work that capture the total concept and feel of Plaintiff's Wobbly Life Copyright.

68. On information and belief, the Defendants' infringement has been willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights.

69. The Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

70. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants Identified in Schedule A as follows:

1.    That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.    using the Wobbly Life Copyright or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Wobbly Life product or is not authorized by Plaintiff to be sold in connection with the Wobbly Life Copyright;

    b.    using the Wobbly Life Copyright or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' products are approved by Plaintiff;

    c.    passing off, inducing, or enabling others to sell or pass off any product as a genuine Wobbly Life product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Wobbly Life Copyright;

    d.    committing any acts calculated to cause consumers to believe that Defendants' Unauthorized/Infringing Work are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    e.    manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for

Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrights including the Wobbly Life Copyright, or any reproductions, counterfeit copies or colorable imitations thereof;

    f.    disposing of, destroying, moving, secreting, relocating, and/or transferring any and all of Defendants' Unauthorized/Infringing Work, without Court direction; and

    g.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs;

2.    Enter an Order, upon Plaintiff's request, those with notice of the injunction, including without limitation, any online marketplace platforms such as eBay, AliExpress, Wish.com, Amazon, and Walmart (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and Unauthorized/Infringing Work bearing the Wobbly Life Copyright;

3.    Enter an Order that Defendants and any and all persons controlled by or acting in concert with Defendants to be required to deliver up to Plaintiff for destruction all goods, works, packages, and any other written or printed materials (including electronic files) that bear or depict the Wobbly Life Copyright, or any reproduction, counterfeit, copy, or colorable imitation of the same, or that are otherwise in violation of this Court's order issued pursuant hereto, and all means for making the same;

4.    For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

5.      That Plaintiff be awarded actual damages, statutory damages, and/or other available damages pursuant to 17 U.S.C. §504, at the election of Plaintiff;

6.      Find that this is an exceptional case and award Plaintiff the attorneys' fees, costs, and disbursements, with interest, expended in connection with any actions taken to investigate and confirm the claims made herein pursuant to 17 U.S.C. § 505 or otherwise by law;

7.      Award Plaintiff pre-judgment and post-judgment interest on each and every monetary award; and

8.      Award any and all other relief that this Court deems just and proper.


Dated: March 12, 2026                Respectfully submitted,

                                      /s/ *Sofia Quezada Hastings*
                                      Sofia Quezada Hastings
                                      ***One of the Attorneys for Plaintiff, RubberBandGames Ltd.***

Matthew De Preter
Sofia Quezada Hastings
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. - Suite 2800
Chicago, IL 60606
312-755-3139
cdepreter@agdglaw.com
shastings@agdglaw.com

4895-4840-9487, v. 1