**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RUBBERBANDGAMES LTD., | |
| Plaintiff, | Case No. 26-cv-2797 |
| v. | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | Judge Robert Gettleman |
| Defendants. | |

## PLAINTIFF'S MEMORANDUM ON THE PHYSICAL ADDRESSES OF DEFENDANTS

Plaintiff RubberBandGames Ltd. ("Plaintiff") has undertaken substantial efforts to identify and verify the physical addresses of each Defendant in this action. Despite those efforts, Plaintiff has been unable to confirm a reliable physical address for service or correspondence for the Defendants.

The Hague Convention "shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. 361, Art. 1. To determine whether the Hague Convention applies, the Court must determine that Plaintiff has made "reasonably diligent efforts to ascertain and verify defendant's mailing address." *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A",* 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021).

First, Plaintiff retained a third-party investigations firm to investigate and verify the physical addresses associated with each Defendant. The investigator reviewed publicly available information, marketplace records, business registration information where available, and other sources commonly relied upon to identify and confirm physical business locations, such as mapping tools. The investigator attempted to verify the addresses associated with each Defendant

and to determine whether those locations corresponded to actual, identifiable business premises. As set forth in the declaration in support of Plaintiff's Motion for Temporary Restraining Order as well as the corresponding exhibits (Dkts. 6-7), the addresses identified for Defendants could not be verified and, in many instances, appeared incomplete, inaccurate, or otherwise insufficient to establish a reliable physical location.

Second, pursuant to this Court's Temporary Restraining Order, Plaintiff served subpoenas on various third-party online marketplace platforms and service providers associated with Defendants' online storefronts and accounts. In response, those third parties produced account registration information, including physical addresses where such information was available.

Plaintiff reviewed the addresses produced by the third-party platforms and compared them against the information obtained through its independent investigation. However, the addresses provided by the platforms likewise could not be verified as valid physical business locations for Defendants either, and mostly resulted in the same addresses already investigated by Plaintiff.

Accordingly, despite diligent efforts, including the retention of the investigative firm and the review of information obtained through third-party subpoenas authorized by this Court, Plaintiff has been unable to verify reliable physical addresses for the Defendants. Plaintiff has therefore relied upon the electronic contact information associated with Defendants' online marketplace accounts and other known channels of communication that Defendants use in the ordinary course of their business.

The inability to verify reliable physical addresses is consistent with the nature of Defendants' online business operations. Defendants conduct business through internet-based storefronts and marketplace accounts while frequently providing incomplete, inaccurate, or otherwise unverifiable identifying information. Plaintiff's investigation revealed that, despite

extensive efforts to locate and confirm Defendants' physical whereabouts, many Defendants either failed to maintain verifiable physical business locations or provided address information that could not be authenticated through reasonable investigative means. Under these circumstances, traditional methods of locating and serving Defendants through physical addresses were impracticable, and the electronic contact information associated with Defendants' online marketplace accounts are the only reliable means of providing notice of this action.

Dated: June 16, 2026

Respectfully submitted,

*/s/ Sofia Quezada Hastings*

Sofia Quezada Hastings (shastings@agdglaw.com)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3139

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

Dated: June 16, 2026          Respectfully submitted,

         By: */s/ Sofia Quezada Hastings*
            *One of the Attorneys for Plaintiff*

4891-3388-7887, v. 1

4